DOHAN v. MYRTLE BOWMAN, Inc.

(Supreme Court, Appellate Term, First Department. June 3, 1915.)

1. EVIDENCE ⚖➡116—ADMISSIBILITY—EXPLANATORY MATTERS—ACCOUNTS.

In an action for a balance due for work and labor performed, where plaintiff was permitted to show the value of such services by testifying that there was an accounting on January 19, 1914, which included all past transactions, it was proper to permit the defendant to go into all past indebtedness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 135; Dec. Dig. ⚖➡116.]

2. WORK AND LABOR ⚖➡28—JUDGMENT—SUFFICIENCY OF EVIDENCE.

In an action for the balance due for work and labor, evidence *held* insufficient to sustain a judgment for plaintiff for $500.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. ⚖➡28.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joseph Dohan against Myrtle Bowman, Incorporated. From a judgment entered in favor of the plaintiff for $534.31 damages and costs, after a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

S. F. Peavey, Jr., of New York City, for appellant.
Elias Rosenthal, of New York City, for respondent.

- LEHMAN, J. The complaint herein sets forth two causes of action. The first cause of action is for goods alleged to have been

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sold and delivered to the defendant in October, 1913. The second cause of action is for a balance alleged to be due for work, labor, and services performed between September 1, 1913, and September 14, 1914. It appeared that the plaintiff for some years prior to September, 1914, had done business with the defendant, and had been regularly in its employ since September, 1913. He was unable to give any exact figures as to the amount owed to him prior to January 19, 1914, but he testified that on that date he had an accounting with the defendant, and it was found that the defendant owed him the sum of $405. Thereafter he testified, refreshing his memory from a memorandum book as to the number of days he had worked until August 8th. He was then asked:

"Q. That makes a total of $1,638.18? A. Yes. Q. Now, what else have you? A. Two days on August 10th, $16.88; from the 14th down, $40.71. Q. Then that made a total, with these two figures that you just gave me, of $1,795.87? A. Yes."

He then testified that he had received certain payments, and stated that these payments amounted to the sum of $1,208.10, leaving a balance due of $587.77.

[1] The defendant attempted to meet this testimony by a denial of the accounting, by showing that it had paid to the plaintiff more than was due him, and produced a mass of checks and receipts going back to the year 1912. In one sense every voucher referring to a period prior to September, 1913, was immaterial, under a complaint for work, labor, and services beginning at that date. However, since the plaintiff was permitted to show the value of these services by testimony that there was an accounting on January 19, 1914, which included all past transactions, it was proper to permit the defendant to go into all past indebtedness.

[2] Although the trial justice admitted all this testimony, he apparently gave it no credence, but gave the plaintiff judgment for $500. So far as concerns the denial of any accounting on January 19, 1914, the trial justice had a perfect right to give credence to the plaintiff's testimony if the plaintiff impressed him as truthful, for, while the defendant has shown large payments to the plaintiff before that date, I fail to find in the record any definite testimony upon which any finding could be based as to the amount to which the plaintiff was entitled previous to that date. Conceding, therefore, that the defendant made all the payments he claims to have made before that date, it does not follow that the plaintiff was not still entitled to the amount he claims was admitted on the accounting. We may therefore properly begin any computation of the amount now due to the plaintiff with the premise that $405 was due him on January 19th. After that date the plaintiff claims that he was paid the sum of $1,208.10, made up of various items admitted by the plaintiff, though it is to be noted that the items so admitted total somewhat less than the sum which plaintiff admits having received.

To meet this testimony the defendant introduced in evidence a mass of vouchers, consisting of checks to plaintiff's order and receipts, which total according to my calculation about $1,400. The plaintiff

has made no attempt to explain these vouchers, and without explanation the trial justice had no right to disregard them in favor of the plaintiff's vague testimony. In addition, it must be pointed out that the plaintiff's conclusion that the items to his credit total the sum of $1,795.87 is not borne out by his testimony. According to my own calculation, they amount only to a total of $1,647.25. It is quite possible that upon a new trial the plaintiff may be able to explain these discrepancies, as well as the vouchers produced by the defendant; but I cannot find in the present record any justification for the amount of the judgment.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.